**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO ANGELES-HERNANDEZ, a.k.a. Villareal Jose Castro, a.k.a. Victor Manuel Patino-Gardumo, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71780 <br><br> Agency No. A095-790-675 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Armando Angeles-Hernandez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand and dismissing his appeal from an immigration judge's ("IJ")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Angeles-Hernandez's motion to remand based on ineffective assistance of counsel at his bond hearing where he failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and the ineffective assistance he alleges is not plain on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 597-99 (9th Cir. 2004). We do not consider the materials attached to Angeles-Hernandez's opening brief because they are not part of the administrative record. *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010).

We lack jurisdiction to consider Angeles-Hernandez's claim of ineffective assistance of counsel in the presentation of his application for cancellation of removal because he failed to exhaust this claim before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We lack jurisdiction to review the BIA's discretionary determination that Angeles-Hernandez failed to demonstrate exceptional and extremely unusual hardship to a qualifying relative in support of his application for cancellation of

removal. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We also lack jurisdiction to consider Angeles-Hernandez's contention that the IJ failed to consider some of his hardship evidence because this is not a colorable legal or constitutional claim. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978-80 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**